IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig Latwain Chestnut, #333070, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:11-1227-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Angelina Brown, Disciplinary Hearing ) | |
| Officer; individually and in her official ) | |
| capacities, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this case, Plaintiff seeks relief from Defendant pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated as a youthful offender in the custody of Turbeville Correctional Institution and is proceeding in this case *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d)&(e) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On September 22, 2011, Plaintiff filed a motion for a temporary restraining order. (Dkt. No. 23). On September 24, 2011, Defendant filed a motion for summary judgment. (Dkt. No. 24). On October 7, 2011, Plaintiff filed another motion for a temporary restraining order. (Dkt. No. 32). After briefing was completed on each of these motions, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Defendant's motion for summary judgment and deny Plaintiff's motions for a temporary restraining order. (Dkt. No. 53). After reviewing the record and the relevant law, the Court agrees that Defendant's motion for summary judgment should be granted and that Plaintiff's motions for a temporary restraining order should be denied.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In this case, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 on the basis that he was allegedly denied his due process rights during a December 2, 2010 disciplinary proceeding in which Plaintiff was charged with and found guilty of striking a South Carolina Department of Corrections employee. Specifically, Plaintiff alleges that Defendant, who was the disciplinary officer at the December 2, 2010 hearing, was biased against him, that Plaintiff was not allowed to have a witness present testimony on his behalf, and that Plaintiff was not given assistance in preparing for the hearing. (Dkt. No. 1). Plaintiff seeks monetary damages from Defendant. (*Id.* at 4-5).

Plaintiff, however, is barred from pursuing this claim because Plaintiff has not won a reversal or expungement of the administrative decision finding him guilty of the disciplinary charge. Although Plaintiff has significant appellate rights with regard to an inmate disciplinary

action pursuant to *Al-Shabazz v. State*, 527 S.E.2d 742 (S.C. 2000) and *Furtick v. South Carolina Dep't of Corr.*, 649 S.E.2d 35 (S.C. 2007), Plaintiff apparently has not taken advantage of such rights with regard to the relevant disciplinary proceeding. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court held that the holding from *Heck* applies to challenges to the procedures utilized in inmate disciplinary proceedings. Thus, "punishment for infractions [of the inmate disciplinary system] cannot be reviewed by this Court under 42 U.S.C. § 1983 until the plaintiff has won a reversal or expungement of the administrative decision. This Court cannot indulge in collateral attacks on facially valid prison disciplinary proceedings." *Nicholas v. Cann*, No. 9:01-4480, 2002 WL 31996019, at *3 (D.S.C. June 24, 2002); *see also Nicholas v. White*, No. 8:05-1232, 2006 WL 2583765, at *4-5 (D.S.C. Sept. 7, 2006); *Kerr v. Orellana*, 969 F.Supp. 357, 358 (E.D.Va.1997). Because Plaintiff has not won a reversal or expungement of the disciplinary decision which he now challenges, Plaintiff's claims regarding this disciplinary proceeding are barred. Thus, Defendant is entitled to summary judgment.

Additionally, the Court finds that Plaintiff's motions for a temporary restraining order should be denied. While the relief requested and the grounds for the requested relief are not clearly stated in Plaintiff's first motion (Dkt. No. 23), Plaintiff's second motion states that Plaintiff is asking the Court "to restrict [Defendant's] ability to hear cases involving the Plaintiff,

simply because the Plaintiff agrees it would limited [sic] lest conflict between him and defendant." (Dkt. No. 32 at 1). Plaintiff, however, has not demonstrated that he will appear in front of Defendant for any more disciplinary proceedings. Further, Plaintiff has not established that (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tip in his favor; or (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 55 U.S. 7, 20 (2008) (identifying these requirements for a party seeking a preliminary injunction); *see also Moore v. Kempthorne*, 464 F.Supp.2d 519, 525 (E.D.Va. 2006) (recognizing that the standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction). Thus, Plaintiff's motions for a temporary restraining order are denied.

## Conclusion

For the foregoing reasons, the Court grants Defendant's motion for summary judgment (Dkt. No. 24) and denies Plaintiff's motions for a preliminary injunction (Dkt. Nos. 23, 32).[1]

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 3, 2012
Charleston, South Carolina

---

[1] To the extent Plaintiff's allegations could be construed as asserting state law claims, the Court declines to exercise supplemental jurisdiction over these claims.